EXHIBIT A

Gene J. Stonebarger, State Bar No. 209461
Richard D. Lambert, State Bar No. 251148
STONEBARGER LAW
A Professional Corporation
75 Iron Point Circle, Suite 145
Folsom, CA 95630
Telephone (916) 235-7140
Facsimile (916) 235-7141

Attorneys for Plaintiff and the Class

FILED
Superior Court Of California,
Sacramento

02/23/2011

pfinney

By_____, Deputy

Case Number:

**34-2011-00098395**

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SACRAMENTO

Department
Assignments

Case Management 39
Law and Motion 54
Minors Compromise 22

MICHAEL SWANEY, an individual, on behalf
of himself and all others similarly situated,

Plaintiffs,

vs.

LOWE'S COMPANIES, INC., a North Carolina
corporation; and DOES 1 through 50, inclusive,

Defendants.

CASE NO.:

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF
CALIFORNIA CIVIL CODE § 1747.08**

Plaintiff Michael Swaney, on behalf of himself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff by and through his attorneys, as follows:

## I.   INTRODUCTION

1.   California Civil Code section 1747.08 generally states that when a merchant is engaged in a retail transaction with a customer, the merchant may neither (1) request personal identification information from a customer paying for goods with a credit card, and then record that personal identification information upon the credit card transaction form or otherwise; nor (2) require as a condition to accepting the credit card as payment the cardholder to provide the customer's personal identification information which the retailer causes to be written, or

STONEBARGER·LAW
A Professional Corporation

1    otherwise records upon the credit card transaction form or otherwise.[1]

2       2.      Defendant operates retail stores under the name Lowe's throughout the United

3    States, including California. Defendant is engaging in a pattern of unlawful and deceptive

4    business practices by utilizing an "Information Capture Policy" whereby Defendant's cashiers

5    both request and record personal identification information, in the form of zip codes, and credit

6    card numbers from customers using credit cards at the point-of-sale in Defendant's retail

7    establishments. Defendant's acts and practices as herein alleged were at all times intentional.

8       3.      On information and belief, Defendant uses the zip codes and additional

9    information obtained from its customers' credit cards, including names and credit card numbers

10    (or portions thereof) to obtain its customers' residential addresses. Defendant obtains these

11    addresses with the help of third-party vendors such as Acxiom that maintain proprietary software

12    and databases containing hundreds of millions of individual consumers' contact information.

13    For example, Acxiom advertises its "Shopper Registration" software on its website claiming:

14    "All you have to do is capture the shopper's name from a check or a third-party credit card at the

15    point of sale and ask for the shopper's zip code . . . and Address Append takes the name,

16    combined with the collected zip code, and matches them to Acxiom's [database]. Acxiom

17    provides a match rate report that tells you how many addresses were matched and appended."[2]

18       4.      Defendant does not disclose its intentions to its customers, and instead relies on

19    the common misconception of consumers that Defendant is using the zip code information as a

20    security measure to verify cardholders' identities similar to "pay-at-the-pump" gas station

21    transactions where a zip code is required because there is no live clerk to verify identification.

22    Defendant, however, is not using zip codes as a security measure to verify cardholders' identities

---

23   [1] California Civil Code section 1747 08 states in relevant part

24   "(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following

25   (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise

26   (b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and

27   telephone number."

28   [2] See www.acxiom com/SiteCollectionDocuments/website-resources/pdf/Fact_Sheets/Fact_Sheet_IB_TS_Shopper_Recognition_200707 pdf   Acxiom is but one of numerous third-party vendors that Defendant might use to obtain its customers' addresses

2

STONEBARGER LAW
A Professional Corporation

1   during credit card transactions and the credit card companies do not require zip codes to

2   complete in-person "card present" credit card transactions.

3       5.      Plaintiff does not seek any relief greater than or different from the relief sought

4   for the Class of which Plaintiff is a member.  If successful, this action will enforce an important

5   right affecting the public interest and will confer a significant benefit, whether pecuniary or non-

6   pecuniary, on a large class of persons.  Private enforcement is necessary and places a

7   disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

8   **II.    JURISDICTION AND VENUE**

9       6.      Plaintiff is informed and believes that Defendant's principal place of business is

10  in California.  Defendant has accepted credit cards for the transaction of business throughout

11  California, including the County of Sacramento, which has caused both obligations and liability

12  of Defendant to arise in the County of Sacramento.

13      7.      The amount in controversy exceeds the jurisdictional minimum of this Court.

14  **III.   THE PARTIES**

15      **A.    Plaintiff**

16      8.      Plaintiff Michael Swaney (herein referred to as "Plaintiff ") is a resident of

17  California, and entered into a retail transaction with Defendant at one of Defendant's California

18  stores located in California.

19      9.      Plaintiff brings this class action against Defendant, pursuant to California Code of

20  Civil Procedure section 382, on behalf of himself and all persons from whom Defendant

21  requested and recorded personal identification information in conjunction with a credit card

22  transaction in California (herein referred to as the "Class").  Excluded from the Class are

23  Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in

24  which Defendant has a controlling interest, and the legal representatives, successors or assigns of

25  any such excluded persons or entities.

26      **B.    Defendant**

27      10.     Plaintiff is informed and believes that Defendant Lowe's Companies, Inc. is a

28  North Carolina corporation.  Plaintiff is informed and believes that Defendant's principal place of

**CLASS ACTION COMPLAINT**

1  business is in California.  Defendant operates retail stores under the name Lowe's throughout

2  California, including stores in Sacramento County.

3  **C.    Doe Defendants**

4  11.    Except as described herein, Plaintiff is ignorant of the true names of Defendants

5  sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore

6  sues these DOE Defendants by such fictitious names.  Plaintiff will seek leave of the Court to

7  amend this complaint to allege their true names and capacities when ascertained.

8  **D.    Agency/Aiding And Abetting**

9  12.    At all times herein mentioned, Defendants, and each of them, were an agent or

10  joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting

11  within the course and scope of such agency.  Each Defendant had actual and/or constructive

12  knowledge of the acts of each of the other Defendants, and ratified, approved, joined in,

13  acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the

14  benefits of said wrongful acts.

15  13.    Defendants, and each of them, aided and abetted, encouraged and rendered

16  substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the

17  Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and

18  substantially assist the commissions of these wrongful acts and other wrongdoings complained

19  of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized

20  that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct,

21  wrongful goals, and wrongdoing.

22  **IV.    CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW**

23  **A.    Plaintiff's Contact with Defendant**

24  14.    Within the last 12 months, Plaintiff went to one of Defendant's retail stores

25  located in California.

26  15.    Plaintiff entered Defendant's store and proceeded to select a product from the

27  store that Plaintiff intended to purchase.

28  / / /

STONEBARGER LAW
A Professional Corporation

4

STONEBARGER LAW
A Professional Corporation

16.     After selecting the item, Plaintiff proceeded to the cashiers' section of Defendant's store to pay for the item selected through the use of a credit card.

17.     Defendant's employee saw that Plaintiff had selected products that Plaintiff wished to purchase from Defendant and, as part of Defendant's Information Capture Policy, then requested personal identification information from Plaintiff in the form of Plaintiff's zip code, without informing Plaintiff of the consequences if Plaintiff did not provide Defendant's employee with Plaintiff's zip code.

18.     Plaintiff, believing that he was required to provide her zip code to complete the transaction, told Defendant's employee Plaintiff's zip code.

19.     Defendant's employee then typed and recorded Plaintiff's zip code into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff.

20.     Defendant's employee then proceeded to inform Plaintiff of the amounts due to Defendant for said product.  Plaintiff handed Defendant's employee Plaintiff's credit card, after which said employee proceeded to swipe, enter, and/or record the credit card number into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff. At this point in the transaction, Defendant has Plaintiff's credit card number, name and zip code recorded in its databases.

21.     Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise delete Plaintiff's personal identification information from the electronic cash register after Plaintiff's credit card number was recorded.

22.     Defendant's employee and Plaintiff completed the transaction and Plaintiff left Defendant's store with his purchased items.

## V.     PLAINTIFF'S CLASS ACTION ALLEGATIONS

23.     This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons from whom Defendant requested and recorded personal identification information in conjunction with a credit card transaction in California (the "Class").  Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns

1 | of any such excluded persons or entities.

2 | 24. The members of the Class are so numerous that joinder of all members is

3 | impracticable. While the exact number of Class members is unknown to Plaintiff at this time,

4 | such information can be ascertained through appropriate discovery, from records maintained by

5 | Defendant and its agents.

6 | 25. A class action is superior to other available methods for the fair and efficient

7 | adjudication of this controversy because joinder of all members is impracticable, the likelihood

8 | of individual Class members prosecuting separate claims is remote and individual Class

9 | members do not have a significant interest in individually controlling the prosecution of separate

10 | actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the

11 | Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the

12 | management of this action which would preclude its maintenance as a class action.

13 | 26. There is a well-defined community of interest among the members of the Class

14 | because common questions of law and fact predominate, Plaintiff's claims are typical of the

15 | members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

16 | 27. Common questions of law and fact exist as to all members of the Class and

17 | predominate over any questions affecting solely individual members of the Class. Among the

18 | questions of law and fact common to the Class are:

19 | a. whether each Class member engaged in a credit card transaction with Defendant;

20 | b. whether Defendant requested the cardholder to provide personal identification

21 | information and recorded the personal identification of the cardholder, during credit card

22 | transactions with Class members;

23 | c. whether Defendant's conduct of requesting the cardholder to provide personal

24 | identification information during credit card transactions and recording the personal

25 | identification information of the cardholder constitutes violations of California Civil Code

26 | section 1747.08; and

27 | d. the proper amount of civil penalties to be awarded to Plaintiff and the Class.

28 | / / /

STONEBARGER LAW
A Professional Corporation

28. Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

29. Plaintiff can fairly and adequately represent the interests of the Class, she has no conflicts of interest with other Class members, and has retained counsel competent and experienced in class action and civil litigation.

### CAUSE OF ACTION FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08 [SONG-BEVERLY CREDIT CARD ACT OF 1971]

30. Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 29 of this Complaint.

31. California Civil Code section 1747.08 prohibits any corporation, which accepts credit cards for the transaction of business, from requesting the cardholder to provide personal identification information which the corporation then records in conjunction with a credit card transaction.

32. Defendant is a corporation that accepts credit cards for the transaction of business. During credit card transactions entered into at Defendant's stores during the one-year period preceding the filing of this class action complaint through the present, Defendant utilized, and continues to utilize, an "Information Capture Policy" whereby Defendant's cashiers both request and record zip codes and credit card numbers from customers using credit cards at the point-of-sale in Defendant's retail establishments.

33. Due to Defendant's violations as set forth herein, Plaintiff and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

/ / /

/ / /

/ / /

STONEBARGER LAW
A Professional Corporation

STONEBARGER LAW
A Professional Corporation

**PRAYER FOR RELIEF**

1.     That the Court certifies this action as a class action appointing Plaintiff as the Class Representative and Plaintiff's counsel as Class counsel;

2.     For an award to Plaintiff and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

3.     For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant from retaining the benefits of its wrongful conduct;

4.     For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine;

5.     For costs of the suit;

6.     For prejudgment interest at the legal rate;

7.     And for such other relief as the Court may deem proper.

Dated: February 20, 2011           STONEBARGER LAW, APC

By:_____
Gene J. Stonebarger
Richard D. Lambert
Attorneys for Plaintiff and the Class

8

EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOWE'S COMPANIES, INC , a North Carolina corporation,
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHAEL SWANEY, an individual, on behalf of himself and all others similarly
situated,

FILED
Superior Court Of California,
Sacramento
02/23/2011
pfinney
By_____, Deputy
Case Number:
34-2011-00098395

**NOTICE!** You have been sued The court may decide against you without your being heard unless you respond within 30 days Read the information below

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff A letter or phone call will not protect you Your written response must be in proper legal form if you want the court to hear your case There may be a court form that you can use for your response You can find these court forms and more information at the California Courts Online Self-Help Center (www courtinfo ca gov/selfhelp), your county law library, or the courthouse nearest you If you cannot pay the filing fee, ask the court clerk for a fee waiver form If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court

There are other legal requirements You may want to call an attorney right away If you do not know an attorney, you may want to call an attorney referral service If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program You can locate these nonprofit groups at the California Legal Services Web site (www lawhelpcalifornia org), the California Courts Online Self-Help Center (www courtinfo ca gov/selfhelp), or by contacting your local court or county bar association **NOTE** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case The court's lien must be paid before the court will dismiss the case

*¡AVISO! Lo han demandado Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante Una carta o una llamada telefónica no lo protegen Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte Es posible que haya un formulario que usted pueda usar para su respuesta Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www sucorte ca gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia*

*Hay otros requisitos legales Es recomendable que llame a un abogado inmediatamente Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www lawhelpcalifornia org), en el Centro de Ayuda de las Cortes de California, (www sucorte ca gov) o poniéndose en contacto con la corte o el colegio de abogados locales AVISO Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso*

The name and address of the court is
*(El nombre y dirección de la corte es)*

Sacramento County Superior Court
Civil Division
720 Ninth Street
Sacramento, CA 95814

CASE NUMBER
*(Numero del Caso)*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Gene J Stonebarger, Esq STONEBARGER LAW, APC
75 Iron Point Circle, Suite 145, Folsom, CA 95630
Tel (916) 235-7140 Fax (916) 235-7141

DATE
*(Fecha)* FEB 2 3 2011

Clerk, by
*(Secretario)* P FINNEY , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010) )*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under ☐ CCP 416 10 (corporation)      ☐ CCP 416 60 (minor)
        ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416 70 (conservatee)
        ☐ CCP 416 40 (association or partnership)  ☐ CCP 416 90 (authorized person)
        ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

American LegalNet, Inc
www.FormsWorkflow.com

Code of Civil Procedure §§ 412 20, 465
www courtinfo ca gov

EXHIBIT C

Case 2:11-cv-01163-MCE-EFB Document 1-1 Filed 04/29/11 Page 13 of 46

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*<br>Gene J Stonebarger (SBN 209461)<br>STONEBARGER LAW, APC<br>75 Iron Point Circle, Suite 145<br>Folsom, CA 95630<br>TELEPHONE NO (916) 235-7140   FAX NO (916)-235-7141<br>ATTORNEY FOR *(Name)* Plaintiff Michael Swaney | **FOR COURT USE ONLY**<br><br>**FILED**<br>Superior Court Of California,<br>Sacramento<br>02/23/2011<br>pfinney<br>By _____ , Deputy<br>Case Number:<br>**34-2011-00098395** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SACRAMENTO**
STREET ADDRESS  720 Ninth Street
MAILING ADDRESS
CITY AND ZIP CODE  Sacramento, CA 95814
BRANCH NAME

CASE NAME  MICHAEL SWANEY v LOWE'S COMPANIES, INC , et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☒ **Unlimited**<br>Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount)<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal Rules of Court, rule 1811) | JUDGE<br><br>DEPT |

*Items 1-5 below must be completed (see instructions on page 2)*

**1** Check **one** box below for the case type that best describes this case

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☒ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

**2** This case ☒ is ☐ is not  complex under rule 1800 of the California Rules of Court If the case is complex, mark the factors requiring exceptional judicial management

a ☐ Large number of separately represented parties
b ☒ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c ☐ Substantial amount of documentary evidence

d ☐ Large number of witnesses
e ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f ☐ Substantial postjudgment judicial supervision

**3** Type of remedies sought *(check all that apply)*
a ☒ monetary  b ☐ nonmonetary, declaratory or injunctive relief  c ☐ punitive

**4** Number of causes of action *(specify)* 1

**5** This case ☒ is ☐ is not  a class action suit

**6** If there are any known related cases, file and serve a notice of related case *(You may use form CM-015 )*

Date February 21, 2011

Gene J Stonebarger
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal Rules of Court, rule 201 8.) Failure to file may result in sanctions
- File this cover sheet in addition to any cover sheet required by local court rule
- If this case is complex under rule 1800 et seq .of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding
- Unless this is a complex case, this cover sheet will be used for statistical purposes only

Form Approved for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev January 1, 2006]

**CIVIL CASE COVER SHEET**

American Legal Net, Inc
www.USCourtForms.com

Cal Rules of Court, rules 201 8, 1800-1812,
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

EXHIBIT D

**SUM-100**

# SUMMONS on First Amended Complaint
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOWE'S COMPANIES, INC., a North Carolina Corporation,
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHARLEEN SWANEY, an individual, and JOSEPH SARASUA, an individual,
on behalf of themselves and all others similarly situated,



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED ENDORSED

MAR 2 3 2011

By E. MUNIZ
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www courtinfo ca gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www lawhelpcalifornia org*), the California Courts Online Self-Help Center (*www courtinfo ca gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www sucorte ca gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www lawhelpcalifornia org), en el Centro de Ayuda de las Cortes de California, (www sucorte ca gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is<br>*(El nombre y dirección de la corte es)* | CASE NUMBER<br>*(Numero del Caso)*<br>34-2011-00098395 |
|---|---|

Sacramento County Superior Court
Civil Division
720 Ninth Street
Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Gene J Stonebarger, Esq STONEBARGER LAW, APC
75 Iron Point Circle, Suite 145, Folsom, CA 95630
Tel· (916) 235-7140 Fax (916) 235-7141

| DATE·<br>*(Fecha)* | MAR 2 3 2011 | Clerk, by<br>*(Secretario)* | _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010) )
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify)*

3. ☐ on behalf of *(specify)*

   under ☐ CCP 416 10 (corporation)     ☐ CCP 416 60 (minor)
   ☐ CCP 416 20 (defunct corporation)     ☐ CCP 416 70 (conservatee)
   ☐ CCP 416 40 (association or partnership)     ☐ CCP 416 90 (authorized person)
   ☐ other *(specify)*

4. ☐ by personal delivery on *(date)*.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev July 1, 2009] | **SUMMONS** | American LegalNet, Inc<br>www FormsWorkflow com | Code of Civil Procedure §§ 412 20, 465<br>www courtinfo ca gov |
|---|---|---|---|

EXHIBIT E

1  Gene J. Stonebarger, State Bar No. 209461
   Richard D. Lambert, State Bar No. 251148
2  STONEBARGER LAW
   A Professional Corporation
3  75 Iron Point Circle, Suite 145
   Folsom, CA 95630
4  Telephone (916) 235-7140
   Facsimile (916) 235-7141
5
   Attorneys for Plaintiff and the Class
6



FILED ENDORSED

MAR 2 3 2011

By _____ E. MUNIZ
          Deputy Clerk

7

8

9                    **SUPERIOR COURT OF CALIFORNIA**

10                      **COUNTY OF SACRAMENTO**

11  CHARLEEN SWANEY, an individual; and   )   CASE NO.: 34-2011-00098395
    JOSEPH SARASUA, an individual; on     )
12  behalf of themselves and all others similarly )   **CLASS ACTION**
    situated,                             )
13                                        )   **FIRST AMENDED CLASS ACTION**
                          Plaintiffs,     )   **COMPLAINT FOR VIOLATIONS OF**
14                                        )   **CALIFORNIA CIVIL CODE § 1747.08**
                    vs.                   )
15                                        )
    LOWE'S COMPANIES, INC. a North Carolina )
16  Corporation; and DOES 1 through 50, inclusive, )
                                          )
17                        Defendants.     )
                                          )
18

19      Plaintiffs Charleen Swaney and Joseph Sarasua, on behalf of themselves and all others

20  similarly situated, complain and allege upon information and belief based, among other things,

21  upon the investigation made by Plaintiffs by and through their attorneys, as follows:

22  **I.    INTRODUCTION**

23      1.    California Civil Code section 1747.08 generally states that when a merchant is

24  engaged in a retail transaction with a customer, the merchant may neither (1) request personal

25  identification information from a customer paying for goods with a credit card, and then record

26  that personal identification information upon the credit card transaction form or otherwise; nor

27  (2) require as a condition to accepting the credit card as payment the cardholder to provide the

28  customer's personal identification information which the retailer causes to be written, or

STONEBARGER LAW
A Professional Corporation

1   otherwise records upon the credit card transaction form or otherwise.[1]

2       2.      Defendant operates retail stores under the name Lowe's throughout the United

3   States, including California.  Defendant is engaging in a pattern of unlawful and deceptive

4   business practices by utilizing an "Information Capture Policy" whereby Defendant's cashiers

5   both request and record personal identification information, in the form of zip codes, and credit

6   card numbers from customers using credit cards at the point-of-sale in Defendant's retail

7   establishments.  Defendant's acts and practices as herein alleged were at all times intentional.

8       3.      On information and belief, Defendant uses the zip codes and additional

9   information obtained from its customers' credit cards, including names and credit card numbers

10  (or portions thereof) to obtain its customers' home addresses.  Defendant obtains these addresses

11  with the help of third-party vendors such as Acxiom that maintain proprietary software and

12  databases containing hundreds of millions of individual consumers' contact information.  For

13  example, Acxiom advertises its "Shopper Registration" software on its website claiming: "All

14  you have to do is capture the shopper's name from a check or a third-party credit card at the point

15  of sale and ask for the shopper's zip code . . . and Address Append takes the name, combined

16  with the collected zip code, and matches them to Acxiom's [database].  Acxiom provides a match

17  rate report that tells you how many addresses were matched and appended."[2]

18      4.      Defendant does not disclose its intentions to its customers, and instead relies on

19  the common misconception of consumers that Defendant is using the zip code information as a

20  security measure to verify cardholders' identities similar to "pay-at-the-pump" gas station

21  transactions where a zip code is required because there is no live clerk to verify identification.

22  Defendant, however, is not using zip codes as a security measure to verify cardholders' identities

STONEBARGER LAW
A Professional Corporation

---

[1] California Civil Code section 1747 08 states in relevant part.
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following
(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number "

[2] See www acxiom com/SiteCollectionDocuments/website-resources/pdf/Fact_Sheets/Fact_Sheet_IB_TS_Shopper_Recognition_200707.pdf.  Acxiom is but one of numerous third-party vendors that Defendant might use to obtain its customers' addresses

FIRST AMENDED CLASS ACTION COMPLAINT

1  during credit card transactions and the credit card companies do not require zip codes to

2  complete in-person "card present" credit card transactions.

3       5.     Plaintiffs do not seek any relief greater than or different from the relief sought for

4  the Class of which Plaintiffs are members.  If successful, this action will enforce an important

5  right affecting the public interest and will confer a significant benefit, whether pecuniary or non-

6  pecuniary, on a large class of persons.  Private enforcement is necessary and places a

7  disproportionate financial burden on Plaintiff in relation to Plaintiffs stakes in the matter.

8  **II.**    **JURISDICTION AND VENUE**

9       6.     Plaintiffs are informed and believe that Defendant's principal place of business is

10  in California.  Defendant has accepted credit cards for the transaction of business throughout

11  California, including the County of Sacramento, which has caused both obligations and liability

12  of Defendant to arise in the County of Sacramento.

13       7.     The amount in controversy exceeds the jurisdictional minimum of this Court.

14  **III.**    **THE PARTIES**

15      **A.**    **Plaintiffs**

16       8.     Plaintiff Charleen Swaney (herein referred to as "Plaintiff Swaney") is a resident

17  of California, and entered into a retail transaction with Defendant at one of Defendant's

18  California stores located in California.

19       9.     Plaintiff Joseph Sarasua (herein referred to as "Plaintiff Sarasua") is a resident of

20  California, and entered into a retail transaction with Defendant at one of Defendant's California

21  stores located in California.

22      10.    Plaintiffs bring this class action against Defendant, pursuant to California Code of

23  Civil Procedure section 382, on behalf of themselves and all persons from whom Defendant

24  requested and recorded personal identification information in conjunction with a credit card

25  transaction in California (the "Class").  Excluded from the Class are Defendant, its corporate

26  parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a

27  controlling interest, and the legal representatives, successors or assigns of any such excluded

28  persons or entities.

*STONEBARGER LAW*
*A Professional Corporation*

FIRST AMENDED CLASS ACTION COMPLAINT

**STONEBARGER LAW**
A Professional Corporation

**B.** **Defendant**

11.     Defendant Lowe's Companies, Inc. (herein referred to as "Defendant"), is a North Carolina Corporation.  Plaintiffs are informed and believe that Defendant's principal place of business is in California.  Defendant operates retail stores under the names Home Depot and Expo Design Center, throughout California, including stores in Sacramento County.

**C.** **Doe Defendants**

12.     Except as described herein, Plaintiffs are ignorant of the true names of Defendants sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names.  Plaintiffs will seek leave of the Court to amend this First Amended Complaint to allege their true names and capacities when ascertained.

**D.** **Agency/Aiding And Abetting**

13.     At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

14.     Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

**IV.     CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW**

**A.** **Plaintiff Swaney's Contact with Defendant**

15.     Within the last 12 months, Plaintiff Swaney went to Defendant's retail store located in California.

16.     Plaintiff Swaney entered Defendant's store and proceeded to select a product from the store that Plaintiff Swaney intended to purchase.

17.     After selecting the item, Plaintiff Swaney proceeded to the cashiers' section of Defendant's store to pay for the item selected through the use of a credit card.

18.     Defendant's employee saw that Plaintiff Swaney had selected products that Plaintiff Swaney wished to purchase from Defendant and, as part of Defendant's Information Capture Policy, then requested personal identification information from Plaintiff Swaney in the form of Plaintiff Swaney's zip code, without informing Plaintiff Swaney of the consequences if Plaintiff Swaney did not provide Defendant's employee with her zip code.

19.     Plaintiff Swaney, believing that she was required to provide her zip code to complete the transaction, told Defendant's employee her zip code.

20.     Defendant's employee then typed and recorded Plaintiff Swaney's zip code into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff Swaney.

21.     Defendant's employee then proceeded to inform Plaintiff Swaney of the amounts due to Defendant for said product.  Plaintiff Swaney handed Defendant's employee her credit card, after which said employee proceeded to swipe, enter, and/or record the credit card number into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff Swaney.  At this point in the transaction, Defendant has Plaintiff Swaney's credit card number, name and zip code recorded in its databases.

22.     Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise delete Plaintiff Swaney's personal identification information from the electronic cash register after Plaintiff Swaney's credit card number was recorded.

23.     Defendant's employee and Plaintiff Swaney completed the transaction and Plaintiff Swaney left Defendant's store with her purchased items.

**B.      Plaintiff Sarasua's Contact with Defendant**

24.     Within the last 12 months, Plaintiff Sarasua went to Defendant's retail store located in California.

STONEBARGER LAW
A Professional Corporation

FIRST AMENDED CLASS ACTION COMPLAINT

25.    Plaintiff Sarasua entered Defendant's store and proceeded to select a product from the store that Plaintiff Sarasua intended to purchase.

26.    After selecting the item, Plaintiff Sarasua proceeded to the cashiers' section of Defendant's store to pay for the item selected through the use of a credit card.

27.    Defendant's employee saw that Plaintiff Sarasua had selected products that Plaintiff Sarasua wished to purchase from Defendant and, as part of Defendant's Information Capture Policy, then requested personal identification information from Plaintiff Sarasua in the form of Plaintiff Sarasua's zip code, without informing Plaintiff Sarasua of the consequences if Plaintiff Sarasua did not provide Defendant's employee with his zip code.

28.    Plaintiff Sarasua, believing that he was required to provide his zip code to complete the transaction, told Defendant's employee his zip code.

29.    Defendant's employee then typed and recorded Plaintiff Sarasua's zip code into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff Sarasua.

30.    Defendant's employee then proceeded to inform Plaintiff Sarasua of the amounts due to Defendant for said product.  Plaintiff Sarasua handed Defendant's employee his credit card, after which said employee proceeded to swipe, enter, and/or record the credit card number into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff Sarasua.  At this point in the transaction, Defendant has Plaintiff Sarasua's credit card number, name and zip code recorded in its databases.

31.    Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise delete Plaintiff Sarasua's personal identification information from the electronic cash register after Plaintiff Sarasua's credit card number was recorded.

32.    Defendant's employee and Plaintiff Sarasua completed the transaction and Plaintiff Sarasua left Defendant's store with her purchased items.

V.    **PLAINTIFFS' CLASS ACTION ALLEGATIONS**

33.    This lawsuit is brought on behalf of an ascertainable statewide class consisting of all persons from whom Defendant requested and recorded personal identification information in

STONEBARGER LAW
A Professional Corporation

-6-

1   conjunction with a credit card transaction in California (the "Class"). Excluded from the Class

2   are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity

3   in which Defendant has a controlling interest, and the legal representatives, successors or assigns

4   of any such excluded persons or entities.

5       34.     The members of the Class are so numerous that joinder of all members is

6   impracticable. While the exact number of Class members is unknown to Plaintiffs at this time,

7   such information can be ascertained through appropriate discovery, from records maintained by

8   Defendant and its agents.

9       35.     A class action is superior to other available methods for the fair and efficient

10  adjudication of this controversy because joinder of all members is impracticable, the likelihood

11  of individual Class members prosecuting separate claims is remote and individual Class

12  members do not have a significant interest in individually controlling the prosecution of separate

13  actions. Relief concerning Plaintiffs' rights under the laws alleged herein and with respect to the

14  Class as a whole would be appropriate. Plaintiffs know of no difficulty to be encountered in the

15  management of this action which would preclude its maintenance as a class action.

16      36.     There is a well-defined community of interest among the members of the Class

17  because common questions of law and fact predominate, Plaintiffs' claims are typical of the

18  members of the Class, and Plaintiffs can fairly and adequately represent the interests of the

19  Class.

20      37.     Common questions of law and fact exist as to all members of the Class and

21  predominate over any questions affecting solely individual members of the Class. Among the

22  questions of law and fact common to the Class are:

23      a.      whether each Class member engaged in a credit card transaction with Defendant;

24      b.      whether Defendant requested the cardholder to provide personal identification

25  information and recorded the personal identification of the cardholder, during credit card

26  transactions with Class members;

27      c.      whether Defendant's conduct of requesting the cardholder to provide personal

28  identification information during credit card transactions and recording the personal

STONEBARGER LAW
A Professional Corporation

1    identification information of the cardholder constitutes violations of California Civil Code

2    section 1747.08; and

3         d.      the proper amount of civil penalties to be awarded to Plaintiff and the Class.

4    38.    Plaintiffs' claims are typical of those of the other Class members because

5    Plaintiffs, like every other Class member, were exposed to virtually identical conduct and are

6    entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

7    pursuant to California Civil Code section 1747.08(e).

8    39.    Plaintiffs can fairly and adequately represent the interests of the Class, they have

9    no conflicts of interest with other Class members, and have retained counsel competent and

10   experienced in class action and civil litigation.

### FIRST CAUSE OF ACTION FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08 [SONG-BEVERLY CREDIT CARD ACT OF 1971]

13   40.    Plaintiffs refer to and incorporate by reference as though set forth fully herein

14   paragraphs 1 through 39 of this First Amended Complaint.

15   41.    California Civil Code section 1747.08 prohibits any corporation, which accepts

16   credit cards for the transaction of business, from requesting the cardholder to provide personal

17   identification information which the corporation then records in conjunction with a credit card

18   transaction.

19   42.    Defendant is a corporation that accepts credit cards for the transaction of business.

20   During credit card transactions entered into at Defendant's stores during the one-year period

21   preceding the filing of this action through the present, Defendant utilized, and continues to

22   utilize, an "Information Capture Policy" whereby Defendant's cashiers both request and record

23   zip codes and credit card numbers from customers using credit cards at the point-of-sale in

24   Defendant's retail establishments.

25   43.    Due to Defendant's violations as set forth herein, Plaintiffs and the Class are

26   entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

27   pursuant to California Civil Code section 1747.08(e).

28   / / /

STONEBARGER LAW
A Professional Corporation

## SECOND CAUSE OF ACTION FOR NEGLIGENCE

44.   Plaintiffs refer to and incorporate by reference as though set forth fully herein paragraphs 1 through 43 of this First Amended Complaint.

45.   Defendant owed a duty of care to Plaintiffs and the Class to reasonably protect their personal identification information, including their zip codes, home addresses and payment information, and to reasonably inform them of Defendant's intended use of their zip codes for purposes not related to the completion of their credit card transactions with Defendant.

46.   Defendant negligently failed to take reasonable steps to protect Plaintiffs' and the Class' personal identifying information and payment information from being collected, stored and used without Plaintiffs' and the Class' knowledge or consent.

47.   Defendant negligently failed to take affirmative steps to alert Plaintiffs and the Class of Defendant's intent to use their zip codes to obtain their home addresses and other private information.

48.   Defendant further negligently omitted to inform Plaintiffs and the Class that it would use their personal identification information for marketing, and that it would be sold or otherwise disseminated to third parties.

49.   On information and belief, Defendant also negligently failed to comply with third-party vendor rules, which requires Defendant to have customers' informed consent prior to sharing their personal identification information with the vendors, or using this information to obtain their home addresses from the vendors' proprietary databases of information.

50.   On information and belief, Defendant negligently shared Plaintiffs' and the Class' personal identification information, including their zip codes and home addresses, with other vendors and retailers, and without authorization.

51.   Defendant knew, or reasonably should have known that Plaintiffs and the Class would not have provided their zip codes to Defendant, or even entered into credit card transactions with Defendant, had Plaintiffs and the Class known that Defendant intended to use their zip codes to obtain their home addresses, which would then be stored and shared with others.

-9-

STONEBARGER LAW
A Professional Corporation

52. Defendant's conduct has caused Plaintiffs and the Class to suffer damages by having their personal identification information accessed, stored, and disseminated without their knowledge or consent, and because they have been placed at serious risk for harassment, fraud, and identity theft from anyone that has, or may obtain access to their personal identification information, including their zip codes, home addresses, and billing information.

53. At the time of Defendant's representations and omissions, Plaintiffs and the Class did not know that they were false, and were ignorant of the omitted and/or concealed facts. In reliance on these misrepresentations and without the benefit of the material omissions, Plaintiffs and the Class entered into credit card transactions with Defendant and provided Defendant with their personal identification information.

54. Reliance on Defendant's representations and omissions was justified because Plaintiffs and the Class had no reason to believe that Defendant would use their zip codes to obtain their private home addresses, that this information would be stored and used by Defendant, or that it would be disseminated and shared with others.

55. Plaintiffs and the Class have been damaged by Defendant's negligent misrepresentations in an amount to be proven at trial.

56. On information and belief, Defendant received, and continue to receive substantial revenue from the unauthorized use and sale of Plaintiffs' and the Class' personal identification information. This constitutes unjust enrichment for Defendant and must be disgorged, and restored to Plaintiffs and the Class.

### THIRD CAUSE OF ACTION FOR INVASION OF PRIVACY

57. Plaintiffs refer to and incorporate by reference as though set forth fully herein paragraphs 1 through 56 of this First Amended Complaint.

58. The constitutionally guaranteed right of privacy unequivocally includes the right to control the dissemination of one's private personal information, including one's home address.

59. Plaintiffs and the Class have legally protectable privacy interests in their home address information, and their ability to control the disclosure and dissemination of this information.

FIRST AMENDED CLASS ACTION COMPLAINT

STONEBARGER LAW
A Professional Corporation

1      60.    Plaintiffs and the Class had reasonable expectations that their private home

2  addresses would remain private when they entered into credit card transactions with Defendant.

3  They were certainly not aware that Defendant would use their names (captured from their credit

4  cards) and zip codes to obtain their private home addresses.

5      61.    Defendant did not disclose their intention to use Plaintiffs' and the Class' zip

6  codes to obtain their home addresses, and instead requested Plaintiffs' and the Class' zip codes

7  under the guise of needing them for security purposes and to complete their credit card

8  transactions.

9      62.    Defendant's actions constitute a "serious" invasion of privacy in that Plaintiffs and

10  the Class have had their private home addresses accessed, shared, and/or sold to others without

11  their knowledge or consent.  In addition to the unwanted dissemination of their private

12  information, Plaintiffs and the Class have been placed at serious risk of harassment, fraud and

13  identity theft as a result of Defendant's conduct.

14      63.    Plaintiffs and the Class have been damaged by Defendant's conduct in an amount

15  to be proven at trial.

16      64.    Unless and until enjoined, and restrained by order of this Court, Defendant's

17  wrongful conduct will continue to cause Plaintiffs and the Class great and irreparable injury in

18  that their private personal information, including their home addresses and billing information

19  will remain at risk.  Defendant will continue to use this unlawfully obtained information for their

20  own purposes and profit, it will be sold and/or disclosed to others, and it may be stolen and used

21  for identity theft and credit card fraud.  Plaintiffs and the Class have no adequate remedy at law

22  for the injuries in that a judgment for the monetary damages will not end the invasion of privacy.

23             **FOURTH CAUSE OF ACTION FOR UNLAWFUL INTRUSION**

24      65.    Plaintiffs refer to and incorporate by reference as though set forth fully herein

25  paragraphs 1 through 64 of this First Amended Complaint.

26      66.    One who intentionally intrudes upon the solitude or seclusion of another or his

27  private affairs or concerns is subject to liability for invasion of privacy.  The Supreme Court of

28  California instructs that the tort of intrusion is not limited to physical invasions, but also lies

STONEBARGER LAW
A Professional Corporation

1   where the defendant "obtained unwanted access to data about the plaintiff."

2        67.    Plaintiffs and the Class had reasonable expectations that their personal

3   identification information, including their private home addresses and billing information would

4   remain private when they entered into transactions with Defendant.  They had no idea that

5   Defendant would use their zip codes to obtain their private home addresses, or that this

6   information would be stored and used for Defendant's profit, and/or sold to others.  Defendant

7   did not disclose their intentions to use Plaintiffs' and the Class' zip codes to obtain their home

8   addresses, and instead relied on Plaintiffs' and the Class' false assumption that their zip codes

9   were a necessary security measure to process their credit card transactions.

10        68.    The manner in which Defendant intruded upon Plaintiffs' and the Class' privacy

11   rights is highly offensive to a reasonable person.

12        69.    As a proximate result of the above acts, Plaintiffs and the Class' personal

13   identification information was used by Defendant for their own profit, and to the detriment of

14   Plaintiffs and the Class, resulting in damages in the amount to be proven at trial.

15        70.    Unless and until enjoined, and restrained by order of this Court, Defendant's

16   wrongful conduct will continue to cause Plaintiffs and the Class great and irreparable injury in

17   that their private personal information, including their home addresses and billing information

18   will remain at risk.  Defendant will continue to use this unlawfully obtained information for their

19   own purposes and profit, it will be sold and/or disclosed to others, and it may be stolen and used

20   for identity theft and credit card fraud.  Plaintiffs and the Class have no adequate remedy at law

21   for the injuries in that a judgment for the monetary damages will not end this unlawful intrusion.

22   **VI.**    **PRAYER FOR RELIEF**

23        1.    That the Court certifies this action as a class action appointing Plaintiffs as the

24   Class Representatives and Plaintiffs' counsel as Class counsel;

25        2.    For an award to Plaintiffs and to each member of the Class the civil penalty to

26   which he or she is entitled under California Civil Code section 1747.08(e);

27        3.    For general damages according to proof;

28        4.    Restitution and disgorgement any ill-gotten profits from Defendant to the extent

STONEBARGER LAW
A Professional Corporation

-12-

1   permitted by applicable law, together with interest thereon from the date of payment;

2       5.      That the Court preliminarily and permanently enjoins Defendant from engaging in

3   the conduct alleged herein;

4       6.      Other injunctive and declaratory relief as may be appropriate;

5       7.      For distribution of any moneys recovered on behalf of the Class of similarly

6   situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant

7   from retaining the benefits of their wrongful conduct;

8       8.      For an award of attorneys' fees as authorized by statute including, but not

9   limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized

10  under the "common fund" doctrine;

11      9.      For costs of the suit;

12      10.     For prejudgment interest at the legal rate;

13      11.     And for such other relief as the Court may deem proper.

14

15  Dated: March 23, 2011                      STONEBARGER LAW, APC

16

17                                             By: _____

18                                                 Gene J. Stonebarger
                                                   Richard D. Lambert
19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

STONEBARGER LAW
A Professional Corporation

EXHIBIT F

ORIGINAL

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*<br>**Stonebarger Law, APC**<br>**75 Iron Point Circle, #145**<br>**Folsom, CA 95630**<br><br>TELEPHONE NO  **916 235-7140**        FAX NO *(Optional)*  **916 235-7141**<br>EMAIL ADDRESS *(Optional)*<br>ATTORNEY FOR *(Name)*  **Swaney, et al.** | *FOR COURT USE ONLY*<br>**FILED/ENDORSED**<br><br>APR 1 9 2011<br><br>By:_____ A MACIAS<br>DEPUTY CLERK |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**<br>   STREET ADDRESS  **720 Ninth Street, Room 102**<br>   MAILING ADDRESS<br>   CITY AND ZIP CODE  **Sacramento 95814**<br>   BRANCH NAME  **Gordon D  Schaber Downtown Courthouse** |

| | |
|---|---|
| PLAINTIFF/PETITIONER  **Swaney, et al.** | **CASE NUMBER**<br>**34-2011-00098395** |
| DEFENDANT/RESPONDENT  **Lowe's Companies, Inc., et al.** | |
| **PROOF OF SERVICE OF SUMMONS** | Ref No or File No<br>**LOWE'S** |

1  At the time of service I was at least 18 years of age and not a party to this action.

2  I served copies of the *(specify documents)*
   **Summons on First Amended Complaint; First Amended Class Action Complaint; Civil Case Cover Sheet; Adr Information Package**

3  a  Party served *(specify name of party as shown on documents served)*
     **Lowe's Companies, Inc., a North Carolina Corporation**
   b  [ X ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
        under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a)*

     **Heather Hughes, Registered Agent, A white female approx. 30-35 years of age 5'6"-5'8" in height weighing 220-240 lbs
     with blonde hair**

4  Address where the party was served
   **CORPORATION SERVICE COMPANY, 327 HILLSBOROUGH Street, RALEIGH, NC 27603**

5  I served the party *(check proper box)*
   a  [ X ] **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
          receive service of process for the party   (1) on *(date)* **4/1/2011**   (2) at *(time)* **3:16 PM**
   b  [   ] **by substituted service.**  On *(date)*·         (2) at *(time)*         I left the documents listed in item 2 with or in the
          presence of *(name and title or relationship to person indicated in item 3)*
       (1) [   ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of
              the person to be served  I informed him or her of the general nature of the papers
       (2) [   ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place
              of abode of the party  I informed him or her of the general nature of the papers
       (3) [   ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing
              address of the person to be served, other than a United States Postal Service post office box  I informed
              him or her of the general nature of the papers
       (4) [   ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
              place where the copies were left (Code Civ  Proc , § 415 20)  I mailed the documents on *(date)*         from
              *(city)*         or [   ] a declaration of mailing is attached
       (5) [   ] I attach a **declaration of diligence** stating actions taken first to attempt personal service

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev  January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure § 417 10 |



Order No  8296221 LAX FIL

| PLAINTIFF/PETITIONER  Swaney, et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT  Lowe's Companies, Inc., et al. | 34-2011-00098395 |

c  [   ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,
(1) on *(date)*          (2) from *(city)*
(3) [   ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope
addressed to me  *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30)
(4) [   ] to an address outside California with return receipt requested  (Code Civ. Proc., § 415.40)

d  [   ] **by other means** *(specify means of service and authorizing code section):*

[   ] Additional page describing service is attached.

6  The "Notice to the Person Served" (on the summons) was completed as follows:
a  [   ] as an individual defendant.
b  [   ] as the person sued under the fictitious name of *(specify):*
c  [   ] as occupant.
d  [ X ] On behalf of *(specify)*  **Lowe's Companies, Inc., a North Carolina Corporation**
under the following Code of Civil Procedure section:

| [✓] 416.10 (corporation) | [   ] 415.95 (business organization, form unknown) |
|---|---|
| [   ] 416.20 (defunct corporation) | [   ] 416.60 (minor) |
| [   ] 416.30 (joint stock company/association) | [   ] 416.70 (ward or conservatee) |
| [   ] 416.40 (association or partnership) | [   ] 416.90 (authorized person) |
| [   ] 416.50 (public entity) | [   ] 415.46 (occupant) |
| | [   ] other: |

7  **Person who served papers**
a  Name        **Kornelius Bascombe**
b  Address     **815 B Old Winston RD., KERNERSVILLE, NC 27284**
c  Telephone number·  **336-992-8274**
d  The fee for service was  **$145.00**
e  I am:
(1) [ X ] not a registered California process server.
(2) [   ] exempt from registration under Business and Professions Code section 22350(b).
(3) [   ] registered California process server:
(i) [   ] owner   [   ] employee   [   ] independent contractor.
(ii) [   ] Registration No.:
(iii) [   ] County:

8  [ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
or
9. [   ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date   **4/4/2011**

_____
**Kornelius Bascombe**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE)



Order No  8296221 LAX FIL

4/4/2011

EXHIBIT G

1  Gene J. Stonebarger, State Bar No. 209461
   Richard D. Lambert, State Bar No. 251148
2  STONEBARGER LAW
   A Professional Corporation
3  75 Iron Point Circle, Suite 145
   Folsom, CA 95630
4  Telephone (916) 235-7140
   Facsimile (916) 235-7141
5
   Attorneys for Plaintiff and the Class
6

7

8

9              **SUPERIOR COURT OF CALIFORNIA**

10                **COUNTY OF SACRAMENTO**

11  CHARLEEN SWANEY, an individual; and    )   CASE NO.: 34-2011-00098395
    JOSEPH SARASUA, an individual; on       )
12  behalf of themselves and all others similarly )   **CLASS ACTION**
    situated,                                )
13                                           )   **SECOND AMENDED CLASS ACTION**
                          Plaintiffs,        )   **COMPLAINT FOR VIOLATIONS OF**
14                                           )   **CALIFORNIA CIVIL CODE § 1747.08**
                    vs.                      )
15                                           )
    LOWE'S HIW, INC. a Washington Corporation;)
16  and DOES 2 through 50, inclusive,        )
                                             )
17                        Defendants.        )
                                             )
18

19         Plaintiffs Charleen Swaney and Joseph Sarasua, on behalf of themselves and all others

20  similarly situated, complain and allege upon information and belief based, among other things,

21  upon the investigation made by Plaintiffs by and through their attorneys, as follows:

22  I.    **INTRODUCTION**

23         1.    California Civil Code section 1747.08 generally states that when a merchant is

24  engaged in a retail transaction with a customer, the merchant may neither (1) request personal

25  identification information from a customer paying for goods with a credit card, and then record

26  that personal identification information upon the credit card transaction form or otherwise; nor

27  (2) require as a condition to accepting the credit card as payment the cardholder to provide the

28  customer's personal identification information which the retailer causes to be written, or

            STONEBARGER LAW
            A Professional Corporation

                                            -1-

1   otherwise records upon the credit card transaction form or otherwise.[1]

2        2.     Defendant operates retail stores under the name Lowe's throughout the United

3   States, including California. Defendant is engaging in a pattern of unlawful and deceptive

4   business practices by utilizing an "Information Capture Policy" whereby Defendant's cashiers

5   both request and record personal identification information, in the form of zip codes, and credit

6   card numbers from customers using credit cards at the point-of-sale in Defendant's retail

7   establishments. Defendant's acts and practices as herein alleged were at all times intentional.

8        3.     On information and belief, Defendant uses the zip codes and additional

9   information obtained from its customers' credit cards, including names and credit card numbers

10   (or portions thereof) to obtain its customers' home addresses. Defendant obtains these addresses

11   with the help of third-party vendors such as Acxiom that maintain proprietary software and

12   databases containing hundreds of millions of individual consumers' contact information. For

13   example, Acxiom advertises its "Shopper Registration" software on its website claiming: "All

14   you have to do is capture the shopper's name from a check or a third-party credit card at the point

15   of sale and ask for the shopper's zip code . . . and Address Append takes the name, combined

16   with the collected zip code, and matches them to Acxiom's [database]. Acxiom provides a match

17   rate report that tells you how many addresses were matched and appended."[2]

18        4.     Defendant does not disclose its intentions to its customers, and instead relies on

19   the common misconception of consumers that Defendant is using the zip code information as a

20   security measure to verify cardholders' identities similar to "pay-at-the-pump" gas station

21   transactions where a zip code is required because there is no live clerk to verify identification.

22   Defendant, however, is not using zip codes as a security measure to verify cardholders' identities

23   [1] California Civil Code section 1747.08 states in relevant part:

24   "(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:

25   (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

26   (b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and

27   telephone number."

28   [2] See www.acxiom.com/SiteCollectionDocuments/website-resources/pdf/Fact_Sheets/Fact_Sheet_IB_TS_Shopper_Recognition_200707.pdf. Acxiom is but one of numerous third-party vendors that Defendant might use to obtain its customers' addresses.

**SECOND AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

1  during credit card transactions and the credit card companies do not require zip codes to

2  complete in-person "card present" credit card transactions.

3     5.     Plaintiffs do not seek any relief greater than or different from the relief sought for

4  the Class of which Plaintiffs are members.  If successful, this action will enforce an important

5  right affecting the public interest and will confer a significant benefit, whether pecuniary or non-

6  pecuniary, on a large class of persons.  Private enforcement is necessary and places a

7  disproportionate financial burden on Plaintiff in relation to Plaintiffs stakes in the matter.

8  **II.     JURISDICTION AND VENUE**

9     6.     Plaintiffs are informed and believe that Defendant's principal place of business is

10  in California.  Defendant has accepted credit cards for the transaction of business throughout

11  California, including the County of Sacramento, which has caused both obligations and liability

12  of Defendant to arise in the County of Sacramento.

13     7.     The amount in controversy exceeds the jurisdictional minimum of this Court.

14  **III.    THE PARTIES**

15     **A.     Plaintiffs**

16     8.     Plaintiff Charleen Swaney (herein referred to as "Plaintiff Swaney") is a resident

17  of California, and entered into a retail transaction with Defendant at one of Defendant's

18  California stores located in California.

19     9.     Plaintiff Joseph Sarasua (herein referred to as "Plaintiff Sarasua") is a resident of

20  California, and entered into a retail transaction with Defendant at one of Defendant's California

21  stores located in California.

22     10.    Plaintiffs bring this class action against Defendant, pursuant to California Code of

23  Civil Procedure section 382, on behalf of themselves and all persons from whom Defendant

24  requested and recorded personal identification information in conjunction with a credit card

25  transaction in California (the "Class").  Excluded from the Class are Defendant, its corporate

26  parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a

27  controlling interest, and the legal representatives, successors or assigns of any such excluded

28  persons or entities.

STONEBARGER LAW
A Professional Corporation

**SECOND AMENDED CLASS ACTION COMPLAINT**

**B.     Defendant**

11.     Defendant Lowe's HIW, Inc. (herein referred to as "Defendant"), is a Washington Corporation.  Plaintiffs are informed and believe that Defendant's principal place of business is in California.  Defendant operates retail stores under the name Lowe's, throughout California, including stores in Sacramento County.

**C.     Doe Defendants**

12.     Except as described herein, Plaintiffs are ignorant of the true names of Defendants sued as DOES 2 through 50, inclusive, and the nature of their wrongful conduct, and therefore sues these DOE Defendants by such fictitious names.  Plaintiffs will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

**D.     Agency/Aiding And Abetting**

13.     At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

14.     Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

**IV.     CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW**

**A.     Plaintiff Swaney's Contact with Defendant**

15.     Within the last 12 months, Plaintiff Swaney went to Defendant's retail store located in California.

STONEBARGER LAW
A Professional Corporation

-4-

**SECOND AMENDED CLASS ACTION COMPLAINT**

16.    Plaintiff Swaney entered Defendant's store and proceeded to select a product from the store that Plaintiff Swaney intended to purchase.

17.    After selecting the item, Plaintiff Swaney proceeded to the cashiers' section of Defendant's store to pay for the item selected through the use of a credit card.

18.    Defendant's employee saw that Plaintiff Swaney had selected products that Plaintiff Swaney wished to purchase from Defendant and, as part of Defendant's Information Capture Policy, then requested personal identification information from Plaintiff Swaney in the form of Plaintiff Swaney's zip code, without informing Plaintiff Swaney of the consequences if Plaintiff Swaney did not provide Defendant's employee with her zip code.

19.    Plaintiff Swaney, believing that she was required to provide her zip code to complete the transaction, told Defendant's employee her zip code.

20.    Defendant's employee then typed and recorded Plaintiff Swaney's zip code into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff Swaney.

21.    Defendant's employee then proceeded to inform Plaintiff Swaney of the amounts due to Defendant for said product.  Plaintiff Swaney handed Defendant's employee her credit card, after which said employee proceeded to swipe, enter, and/or record the credit card number into an electronic cash register at the checkout counter adjacent to both the employee and Plaintiff Swaney.  At this point in the transaction, Defendant has Plaintiff Swaney's credit card number, name and zip code recorded in its databases.

22.    Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise delete Plaintiff Swaney's personal identification information from the electronic cash register after Plaintiff Swaney's credit card number was recorded.

23.    Defendant's employee and Plaintiff Swaney completed the transaction and Plaintiff Swaney left Defendant's store with her purchased items.

**B.    Plaintiff Sarasua's Contact with Defendant**

24.    Within the last 12 months, Plaintiff Sarasua went to Defendant's retail store located in California.

STONEBARGER LAW
A Professional Corporation

1    25.    Plaintiff Sarasua entered Defendant's store and proceeded to select a product from

2    the store that Plaintiff Sarasua intended to purchase.

3    26.    After selecting the item, Plaintiff Sarasua proceeded to the cashiers' section of

4    Defendant's store to pay for the item selected through the use of a credit card.

5    27.    Defendant's employee saw that Plaintiff Sarasua had selected products that

6    Plaintiff Sarasua wished to purchase from Defendant and, as part of Defendant's Information

7    Capture Policy, then requested personal identification information from Plaintiff Sarasua in the

8    form of Plaintiff Sarasua's zip code, without informing Plaintiff Sarasua of the consequences if

9    Plaintiff Sarasua did not provide Defendant's employee with his zip code.

10    28.    Plaintiff Sarasua, believing that he was required to provide his zip code to

11    complete the transaction, told Defendant's employee his zip code.

12    29.    Defendant's employee then typed and recorded Plaintiff Sarasua's zip code into an

13    electronic cash register at the checkout counter adjacent to both the employee and Plaintiff

14    Sarasua.

15    30.    Defendant's employee then proceeded to inform Plaintiff Sarasua of the amounts

16    due to Defendant for said product.  Plaintiff Sarasua handed Defendant's employee his credit

17    card, after which said employee proceeded to swipe, enter, and/or record the credit card number

18    into an electronic cash register at the checkout counter adjacent to both the employee and

19    Plaintiff Sarasua.  At this point in the transaction, Defendant has Plaintiff Sarasua's credit card

20    number, name and zip code recorded in its databases.

21    31.    Defendant's employee made no attempt to erase, strikeout, eliminate, or otherwise

22    delete Plaintiff Sarasua's personal identification information from the electronic cash register

23    after Plaintiff Sarasua's credit card number was recorded.

24    32.    Defendant's employee and Plaintiff Sarasua completed the transaction and

25    Plaintiff Sarasua left Defendant's store with her purchased items.

26  **V.    PLAINTIFFS' CLASS ACTION ALLEGATIONS**

27    33.    This lawsuit is brought on behalf of an ascertainable statewide class consisting of

28    all persons from whom Defendant requested and recorded personal identification information in

STONEBARGER LAW
A Professional Corporation

-6-

**SECOND AMENDED CLASS ACTION COMPLAINT**

conjunction with a credit card transaction in California (the "Class").  Excluded from the Class are Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

34.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiffs at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and its agents.

35.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions.  Relief concerning Plaintiffs' rights under the laws alleged herein and with respect to the Class as a whole would be appropriate.  Plaintiffs know of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

36.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiffs' claims are typical of the members of the Class, and Plaintiffs can fairly and adequately represent the interests of the Class.

37.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

a.     whether each Class member engaged in a credit card transaction with Defendant;

b.     whether Defendant requested the cardholder to provide personal identification information and recorded the personal identification of the cardholder, during credit card transactions with Class members;

c.     whether Defendant's conduct of requesting the cardholder to provide personal identification information during credit card transactions and recording the personal

STONEBARGER LAW
A Professional Corporation

1    identification information of the cardholder constitutes violations of California Civil Code

2    section 1747.08; and

3              d.       the proper amount of civil penalties to be awarded to Plaintiff and the Class.

4         38.     Plaintiffs' claims are typical of those of the other Class members because

5    Plaintiffs, like every other Class member, were exposed to virtually identical conduct and are

6    entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

7    pursuant to California Civil Code section 1747.08(e).

8         39.     Plaintiffs can fairly and adequately represent the interests of the Class, they have

9    no conflicts of interest with other Class members, and have retained counsel competent and

10   experienced in class action and civil litigation.

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08 [SONG-BEVERLY CREDIT CARD ACT OF 1971]

13        40.     Plaintiffs refer to and incorporate by reference as though set forth fully herein

14   paragraphs 1 through 39 of this Second Amended Complaint.

15        41.     California Civil Code section 1747.08 prohibits any corporation, which accepts

16   credit cards for the transaction of business, from requesting the cardholder to provide personal

17   identification information which the corporation then records in conjunction with a credit card

18   transaction.

19        42.     Defendant is a corporation that accepts credit cards for the transaction of business.

20   During credit card transactions entered into at Defendant's stores during the one-year period

21   preceding the filing of the initial complaint, Defendant utilized, and continues to utilize, an

22   "Information Capture Policy" whereby Defendant's cashiers both request and record zip codes

23   and credit card numbers from customers using credit cards at the point-of-sale in Defendant's

24   retail establishments.

25        43.     Due to Defendant's violations as set forth herein, Plaintiffs and the Class are

26   entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

27   pursuant to California Civil Code section 1747.08(e).

28   / / /

STONEBARGER LAW
A Professional Corporation

**SECOND AMENDED CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION FOR NEGLIGENCE

44.     Plaintiffs refer to and incorporate by reference as though set forth fully herein paragraphs 1 through 43 of this Second Amended Complaint.

45.     Defendant owed a duty of care to Plaintiffs and the Class to reasonably protect their personal identification information, including their zip codes, home addresses and payment information, and to reasonably inform them of Defendant's intended use of their zip codes for purposes not related to the completion of their credit card transactions with Defendant.

46.     Defendant negligently failed to take reasonable steps to protect Plaintiffs' and the Class' personal identifying information and payment information from being collected, stored and used without Plaintiffs' and the Class' knowledge or consent.

47.     Defendant negligently failed to take affirmative steps to alert Plaintiffs and the Class of Defendant's intent to use their zip codes to obtain their home addresses and other private information.

48.     Defendant further negligently omitted to inform Plaintiffs and the Class that it would use their personal identification information for marketing, and that it would be sold or otherwise disseminated to third parties.

49.     On information and belief, Defendant also negligently failed to comply with third-party vendor rules, which requires Defendant to have customers' informed consent prior to sharing their personal identification information with the vendors, or using this information to obtain their home addresses from the vendors' proprietary databases of information.

50.     On information and belief, Defendant negligently shared Plaintiffs' and the Class' personal identification information, including their zip codes and home addresses, with other vendors and retailers, and without authorization.

51.     Defendant knew, or reasonably should have known that Plaintiffs and the Class would not have provided their zip codes to Defendant, or even entered into credit card transactions with Defendant, had Plaintiffs and the Class known that Defendant intended to use their zip codes to obtain their home addresses, which would then be stored and shared with others.

STONEBARGER LAW
A Professional Corporation

-9-

SECOND AMENDED CLASS ACTION COMPLAINT

52.     Defendant's conduct has caused Plaintiffs and the Class to suffer damages by having their personal identification information accessed, stored, and disseminated without their knowledge or consent, and because they have been placed at serious risk for harassment, fraud, and identity theft from anyone that has, or may obtain access to their personal identification information, including their zip codes, home addresses, and billing information.

53.     At the time of Defendant's representations and omissions, Plaintiffs and the Class did not know that they were false, and were ignorant of the omitted and/or concealed facts.  In reliance on these misrepresentations and without the benefit of the material omissions, Plaintiffs and the Class entered into credit card transactions with Defendant and provided Defendant with their personal identification information.

54.     Reliance on Defendant's representations and omissions was justified because Plaintiffs and the Class had no reason to believe that Defendant would use their zip codes to obtain their private home addresses, that this information would be stored and used by Defendant, or that it would be disseminated and shared with others.

55.     Plaintiffs and the Class have been damaged by Defendant's negligent misrepresentations in an amount to be proven at trial.

56.     On information and belief, Defendant received, and continue to receive substantial revenue from the unauthorized use and sale of Plaintiffs' and the Class' personal identification information.  This constitutes unjust enrichment for Defendant and must be disgorged, and restored to Plaintiffs and the Class.

**THIRD CAUSE OF ACTION FOR INVASION OF PRIVACY**

57.     Plaintiffs refer to and incorporate by reference as though set forth fully herein paragraphs 1 through 56 of this Second Amended Complaint.

58.     The constitutionally guaranteed right of privacy unequivocally includes the right to control the dissemination of one's private personal information, including one's home address.

59.     Plaintiffs and the Class have legally protectable privacy interests in their home address information, and their ability to control the disclosure and dissemination of this information.

STONEBARGER LAW
A Professional Corporation

60.     Plaintiffs and the Class had reasonable expectations that their private home addresses would remain private when they entered into credit card transactions with Defendant. They were certainly not aware that Defendant would use their names (captured from their credit cards) and zip codes to obtain their private home addresses.

61.     Defendant did not disclose their intention to use Plaintiffs' and the Class' zip codes to obtain their home addresses, and instead requested Plaintiffs' and the Class' zip codes under the guise of needing them for security purposes and to complete their credit card transactions.

62.     Defendant's actions constitute a "serious" invasion of privacy in that Plaintiffs and the Class have had their private home addresses accessed, shared, and/or sold to others without their knowledge or consent.  In addition to the unwanted dissemination of their private information, Plaintiffs and the Class have been placed at serious risk of harassment, fraud and identity theft as a result of Defendant's conduct.

63.     Plaintiffs and the Class have been damaged by Defendant's conduct in an amount to be proven at trial.

64.     Unless and until enjoined, and restrained by order of this Court, Defendant's wrongful conduct will continue to cause Plaintiffs and the Class great and irreparable injury in that their private personal information, including their home addresses and billing information will remain at risk.  Defendant will continue to use this unlawfully obtained information for their own purposes and profit, it will be sold and/or disclosed to others, and it may be stolen and used for identity theft and credit card fraud.  Plaintiffs and the Class have no adequate remedy at law for the injuries in that a judgment for the monetary damages will not end the invasion of privacy.

## FOURTH CAUSE OF ACTION FOR UNLAWFUL INTRUSION

65.     Plaintiffs refer to and incorporate by reference as though set forth fully herein paragraphs 1 through 64 of this Second Amended Complaint.

66.     One who intentionally intrudes upon the solitude or seclusion of another or his private affairs or concerns is subject to liability for invasion of privacy.  The Supreme Court of California instructs that the tort of intrusion is not limited to physical invasions, but also lies

STONEBARGER LAW
A Professional Corporation

-11-

1 where the defendant "obtained unwanted access to data about the plaintiff."

2      67.    Plaintiffs and the Class had reasonable expectations that their personal

3 identification information, including their private home addresses and billing information would

4 remain private when they entered into transactions with Defendant.  They had no idea that

5 Defendant would use their zip codes to obtain their private home addresses, or that this

6 information would be stored and used for Defendant's profit, and/or sold to others.  Defendant

7 did not disclose their intentions to use Plaintiffs' and the Class' zip codes to obtain their home

8 addresses, and instead relied on Plaintiffs' and the Class' false assumption that their zip codes

9 were a necessary security measure to process their credit card transactions.

10      68.    The manner in which Defendant intruded upon Plaintiffs' and the Class' privacy

11 rights is highly offensive to a reasonable person.

12      69.    As a proximate result of the above acts, Plaintiffs and the Class' personal

13 identification information was used by Defendant for their own profit, and to the detriment of

14 Plaintiffs and the Class, resulting in damages in the amount to be proven at trial.

15      70.    Unless and until enjoined, and restrained by order of this Court, Defendant's

16 wrongful conduct will continue to cause Plaintiffs and the Class great and irreparable injury in

17 that their private personal information, including their home addresses and billing information

18 will remain at risk.  Defendant will continue to use this unlawfully obtained information for their

19 own purposes and profit, it will be sold and/or disclosed to others, and it may be stolen and used

20 for identity theft and credit card fraud.  Plaintiffs and the Class have no adequate remedy at law

21 for the injuries in that a judgment for the monetary damages will not end this unlawful intrusion.

22 **VI.**    **PRAYER FOR RELIEF**

23      1.    That the Court certifies this action as a class action appointing Plaintiffs as the

24 Class Representatives and Plaintiffs' counsel as Class counsel;

25      2.    For an award to Plaintiffs and to each member of the Class the civil penalty to

26 which he or she is entitled under California Civil Code section 1747.08(e);

27      3.    For general damages according to proof;

28      4.    Restitution and disgorgement any ill-gotten profits from Defendant to the extent

STONEBARGER LAW
A Professional Corporation

1   permitted by applicable law, together with interest thereon from the date of payment;

2          5.      That the Court preliminarily and permanently enjoins Defendant from engaging in

3   the conduct alleged herein;

4          6.      Other injunctive and declaratory relief as may be appropriate;

5          7.      For distribution of any moneys recovered on behalf of the Class of similarly

6   situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendant

7   from retaining the benefits of their wrongful conduct;

8          8.      For an award of attorneys' fees as authorized by statute including, but not

9   limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized

10  under the "common fund" doctrine;

11         9.      For costs of the suit;

12         10.     For prejudgment interest at the legal rate;

13         11.     And for such other relief as the Court may deem proper.

14

15  Dated:  April 26, 2011                          STONEBARGER LAW, APC

16

17                                                  By:_____

18                                                      Gene J. Stonebarger
                                                        Richard D. Lambert

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT

STONEBARGER LAW
A Professional Corporation